IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JULIA PULZONE, *et al.*,
Plaintiffs,

v.

Civil No. 1:22cv1363 (DJN)

KALEYRA, INC., *et al.*,
Defendants.

## MEMORANDUM ORDER
**(Granting in Part and Denying in Part Defendants' Motion for Summary Judgment)**

This matter comes before the Court on Defendants' Motion for Summary Judgment (ECF No. 89 ("Motion for Summary Judgment")) on Counts I, III and IV of Plaintiffs' Complaint.[1] Because the parties genuinely dispute material facts underlying Counts I (Sarbanes-Oxley Retaliation) and III (Breach of Plaintiff Hsiao's Contract) of the Complaint, neither party stands "entitled to judgment as a matter of law" as to those claims and, accordingly, the Motion for Summary Judgment should be denied as to these counts.[2] Fed. R. Civ. P. 56(a). However, there exists no genuine dispute of material fact as to Count IV (Breach of Plaintiff Canter's Contract). Accordingly, and for the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Summary Judgment (ECF No. 89) and DIRECTS the

---

[1] Because Plaintiffs have voluntarily dismissed Count II (Breach of Plaintiff Pulzone's Contract), Defendants do not seek summary judgment on the claim and this Memorandum Order does not address it. (ECF No. 22.)

[2] The Court additionally denies Defendants' request that the Court preclude presentation of contractual damages, including most notably equity, to the jury as recoverable under the Sarbanes-Oxley Act. Should Plaintiffs prevail in showing entitlement to contractual damages, Sarbanes-Oxley enables them to recover such damages. *See* 18 U.S.C. § 1514(a)(c)(1) (a prevailing employee "shall be entitled to all relief necessary to make the employee whole").

1

parties to prepare for trial.

## I. BACKGROUND

This case arises from the merger of Kaleyra S.p.A., a privately held Italian company, and GigCapital, Inc., a publicly traded Special Purpose Acquisition Company ("SPAC"), to form Kaleyra, Inc. Plaintiffs Julia Pulzone, Ipai "Terry" Hsiao and John Canter allege that Defendants violated the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, by firing Plaintiffs in retaliation for raising concerns to senior Kaleyra, S.p.A. executives that Defendants made inaccurate, misleading and unlawful disclosures in the proxy statements leading up to this merger. Plaintiffs also allege that Defendants breached Hsiao's and Canter's employment contracts by failing to pay equity compensation that Defendants had promised them.

Understanding the Court's decision to grant summary judgment as to Canter's breach of contract claim requires touching upon only a small portion of this case's voluminous record. Before starting full-time, salaried employment with Kaleyra S.p.A., Canter received his proposed offer letter from Pulzone on August 21, 2019. (ECF No. 91-4 at 26988.) Pulzone stated in her cover email that "equity is not nailed down" and the attached offer letter stated that "[i]t is estimated that [Canter] would be eligible to receive a grant of up to .2% of the Company's outstanding capitalization, although [the Kaleyra Group does] not have the final allocation of incentive equity at this time." (*Id.* at 26988–89.)

After renegotiating his title and base compensation, Canter signed the offer letter on September 6, 2019, joining Kaleyra S.p.A. as Vice President of Financial Planning and Analysis. (ECF No. 91-7 ("Canter Dep.") at 15:33:40–15:34:47; ECF No. 97-33 at APP0316.) The equity language remained the same in Canter's final, signed offer letter as in the proposed offer letter. (Canter Dep. at 15:34:47–15:36:37; ECF No. 97-33 at APP0316.)

2

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, a court may grant summary judgment only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden to identify the parts of the record indicating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). Once the moving party has properly made and supported its motion for summary judgment, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992).

## III. ANALYSIS

Plaintiffs allege in Count IV of their Complaint that Defendants breached their contract with Canter by failing to grant him equity that they had promised him. (ECF No. 1 at ¶¶ 93–95.) For Canter's breach of contract claim to succeed, there would need to exist a contract obliging Defendants to grant Canter equity in the company. But by Plaintiffs' own admission and evidence, Canter's contract with Defendants did not require them to grant him any specific amount of equity, nor did it rule out the possibility that Defendants would grant him no equity at all. Canter's signed offer letter merely makes him eligible for a "grant of *up to* .2%;" it does not entitle him to any precise amount or, indeed, to any amount of equity. (ECF No. 97-33 at APP0316.) Even presuming the enforceability of the contract as a whole, no breach occurred.

3

Nor have Plaintiffs put forth any arguments or evidence that would lead to the opposite conclusion. Plaintiffs rely solely on the plain text of Canter's offer letter to defeat Defendants' summary judgment motion. (ECF No. 97 (Pls.' Resp. in Opp.) at 34.) Unlike with Hsiao, Plaintiffs do not contend that Defendants orally promised Canter that he would receive 0.2% equity. (*Id.*) Canter's deposition reflects that he had some general conversations with Pulzone and Calogero in which they described the terms of the equity grant in a manner consistent the offer letter and advanced no definite promises to Canter as to an equity grant. (Canter Dep. at 15:06:03–15:06:48, 15:18:19–15:18:36, 15:36:37–15:39:58.)

In sum, Canter's breach of contract claim must fail, because even viewing the evidence in the light most favorable to Plaintiffs, Defendants did not agree to pay Canter an equity share. However, significant disputed material facts remain as to Plaintiffs' Sarbanes-Oxley retaliation claim and Hsiao's breach of contract claim. Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Summary Judgment (ECF No. 89).

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

\_\_\_\_/s/_____
David J. Novak
United States District Judge

Alexandria, Virginia
Date: June 25, 2024

4